**James A. BLACKBURN, Petitioner–Appellant,**

v.

**Julius WILSON, Warden, Respondent–Appellee.**

No. 00–4066.

United States Court of Appeals, Sixth Circuit.

Nov. 30, 2001.

Before CLAY and GILMAN, Circuit Judges; EDGAR, District Judge.*

*ORDER*

James A. Blackburn, an Ohio prisoner proceeding pro se, appeals a district court judgment denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1992, a Franklin County, Ohio, jury found Blackburn guilty of one count of felonious assault, one count of carrying a concealed weapon, and one count of illegal possession of a firearm in a liquor permit premises. The trial court sentenced Blackburn to an aggregate term of eight to fifteen years in prison with one year actual incarceration. The Ohio Court of Appeals affirmed Blackburn's conviction and sentence. The Ohio Supreme Court dismissed Blackburn's delayed appeal thereto because Blackburn failed to file his memorandum in support of jurisdiction.

On February 27, 1996, Blackburn filed a petition for post-conviction relief. On July 2, 1998, the trial court denied the petition, holding that the claims asserted in the post-conviction petition were barred by res judicata. On May 25, 1999, the Ohio Court of Appeals affirmed the trial court's denial of the post-conviction petition. Blackburn filed a timely appeal to the Ohio Supreme Court; however, on September 1, 1999, the Ohio Supreme Court dismissed the appeal without opinion.

On November 5, 1999, Blackburn filed the instant habeas petition in which he asserts the following claims for relief:

> Ground one: Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
>
> Ground two: Denial of effective assistance of trial counsel.

The district court denied the habeas petition after concluding that: 1) Blackburn's first claim, alleging an illegal search and seizure, was barred by the doctrine set forth in *Stone v. Powell*, 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976), be-

---

* The Honorable R. Allan Edgar, United States Chief District Judge for the Eastern District of Tennessee, sitting by designation.

cause Blackburn had a full and fair opportunity to litigate that issue in a state court proceeding; and 2) Blackburn's ineffective assistance of trial counsel claim did not rise to the level of a constitutional dimension, *see Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Blackburn v. Foltz,* 828 F.2d 1177, 1180 (6th Cir.1987). The district court granted Blackburn a certificate of appealability as to the following issue:

> Was petitioner denied the effective assistance of counsel in connection with counsel's failure to seek the suppression of the pistol found in the car he was driving at the time of his arrest?

The denial of Blackburn's habeas petition is reviewed de novo on appeal. *See King v. Trippett,* 192 F.3d 517, 520 (6th Cir.1999). However, the district courts factual findings must be affirmed if they are not clearly erroneous. *Id.*

Upon review, we conclude that the district court properly denied Blackburn's petition for habeas corpus relief, as the Ohio Court of Appeals has addressed the issue raised on the merits, and its decision was not contrary to federal law, was not an unreasonable application of federal law, and was not an unreasonable determination of the facts in light of the evidence presented. *See* 28 U.S.C. § 2254(d)(1)-(2). Blackburn has failed to demonstrate that counsel's performance was deficient and prejudicial. *See Strickland,* 466 U.S. at 687, 104 S.Ct. 2052.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.